UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL R. MANIZAK,

    Petitioner,                                          Civil Action No.
                                                    12-CV-13586

v.

                                                     HON. MARK A. GOLDSMITH

STATE OF MICHIGAN,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DENYING A CERTIFICATE OF APPEALABILITY, DENYING LEAVE TO APPEAL IN FORMA PAUPERIS, and DENYING ALL PENDING MOTIONS AS MOOT

### I. INTRODUCTION

This is a habeas corpus proceeding filed by Petitioner Paul R. Manizak. Petitioner claims that he is presently incarcerated at the Wayne County Jail in Detroit, Michigan, awaiting trial on charges of buying or receiving stolen property, driving with a suspended licence, and leaving the scene of an automobile accident. Petitioner claims that he was bound-over for trial without probable cause. Because Petitioner has not exhausted his state court remedies, the Court dismisses the petition without prejudice.

### II. LEGAL STANDARD

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the

1

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; see Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. Carson v. Burke, 178 F.3d 434, 436-37 (6th Cir. 1999).

### III. ANALYSIS

Petitioner has not yet been convicted by a state court and his application for habeas relief must be dismissed because it is premature. Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. See Atkins v. State of Mich., 644 F.2d 543, 546 n.1 (6th Cir. 1981). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." Id. Abstention from intrusion into state court proceedings is justified by the doctrine of comity, which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." Id. State prisoners in Michigan must raise each claim in the Michigan Court of Appeals and in the Michigan Supreme Court before seeking

federal habeas corpus relief. See Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990).

Petitioner's claim that there was insufficient evidence to bind his case over for trial may be resolved in the pending state court criminal proceeding or on appeal. Petitioner must await resolution of his claim at trial and, if he is convicted, on appeal before he can file a habeas corpus petition. Accord Campbell v. Zych, No. 08-14804, 2009 WL 377081, at *2 (E.D. Mich. Feb. 11, 2009) (summarily dismissing habeas petition filed by pretrial detainee where claims had not been exhausted); Jenkins v. Montgomery Cnty. Jail, 641 F. Supp. 148 (M.D. Tenn. 1986) (dismissing habeas petition filed by pretrial detainee alleging due process violations where petitioner failed to provide state courts with initial opportunity to pass upon claims); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) (declining to entertain a petition claiming that the state lacked probable cause to bind a defendant over for trial when proceedings against defendant were ongoing in state court).

A federal court may "sometimes appropriately interfere by habeas corpus in advance of final action by the authorities of the State," but such cases are "exceptional" and of "great urgency." Urquhart v. Brown, 205 U.S. 179, 182 (1907). Petitioner has failed to allege any urgent circumstances sufficient to warrant interference by this Court in a matter pending in state court.

## IV. CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is dismissed without prejudice. Furthermore, reasonable jurists would not debate the Court's assessment, nor conclude that the issue raised deserves encouragement to proceed further. The Court therefore denies a

certificate of appealability under 28 U.S.C. § 2253(c)(2). The Court also denies Petitioner leave to appeal in forma pauperis. All other pending motions in the case are denied as moot.

SO ORDERED.

Dated: November 15, 2012          s/Mark A. Goldsmith
      Flint, Michigan               MARK A. GOLDSMITH
                                         United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 15, 2012.

                                                 s/Deborah J. Goltz
                                                 DEBORAH J. GOLTZ
                                                 Case Manager