**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PAUL R. MANIZAK,

      Petitioner,                                            Civil Action No.
                                                        12-CV-13586

v.

                                                  HON. MARK A. GOLDSMITH

STATE OF MICHIGAN,

      Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S (1) "MOTION TO SUPPRESS
IDENTIFICATION" [dkt 18], (2) "MOTION FOR RELIEF FROM VIOLATION OF MY
8TH FEDERAL CONSTITUTION AMENDMENT RIGHT TO FREE OF CRUEL AND
UNUSUAL PUNISHMENTS SHALL NOT BE INFLICTED" [dkt 20], (3) MOTION TO
WAIVE REQUIREMENT OF SERVING ALL PARTIES ON BASIS OF
EXTRAORDINARY HARSH JAIL CONDITIONS" [dkt 21], (4) MOTION TO WAIVE
REQUIREMENT ON SERVING PARTIES" [dkt 25], AND (5) MOTION FOR HABEAS
CORPUS RELIEF FROM STATE CUSTODY" [dkt 26]**

      Petitioner's habeas action was dismissed without prejudice on November 15, 2012, because

he had not yet been convicted and had not exhausted his state court remedies.  The Michigan

Department of Corrections website now indicates that on December 13, 2012, Petitioner was

sentenced to 4-to-20 years for his Wayne Circuit Court conviction of receiving and concealing stolen

property.  Ignoring the fact that his case was dismissed on exhaustion grounds, Petitioner has filed

the five above captioned motions seeking to advance his petition.

Discussion

      To the extent Petitioner is seeking reconsideration of the order dismissing his petition, his

motions are denied.  U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for

reconsideration.  A motion for reconsideration should be granted if the movant demonstrates a

1

palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Ward v. Wolfenbarger*, 340 F. Supp. 2d 773, 774 (E.D. Mich. 2004);  *Hence v. Smith*, 49 F. Supp. 2d 547, 550-51 (E.D. Mich. 1999).  A motion for reconsideration which merely presents "the same issues ruled upon by the Court, either expressly or by reasonable implication," shall be denied. *Ward*, 340 F. Supp. 2d at 774. To the extent portions of his motions assert that the Court should have entertained his petition despite his non-exhaustion of state court remedies, Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court dismissed the petition for writ of habeas corpus. *See Hence v. Smith*, 49 F. Supp. 2d at 553.

To the extent Petitioner seeks other relief, such as the suppression of his identification, release and other relief due to an alleged violation of his Eighth Amendment rights, and waiver of service on Respondent, his motions are denied as moot because this case has been dismissed.

Lastly, to the extent Petitioner is seeking to re-file his petition now that he has been convicted, his petition would still be subject to summary dismissal because he has still not exhausted his state court remedies.  *See Hudson v. Martin*, 8 Fed. Appx. 352 (6th Cir. 2001).When Petitioner exhausts his state court remedies, he may seek federal habeas relief by filing a new petition if habeas relief is necessary and appropriate.

Conclusion

**IT IS ORDERED**, Petitioner's (1) "Motion to Suppress Identification" [Dkt 18], (2) "Motion for Relief from Violation of My  8th Federal Constitution Amendment Right to Free of Cruel and Unusual Punishments Shall Not Be Inflicted" [Dkt 20], (3) Motion to Waive Requirement of Serving All Parties on Basis of Extraordinary Harsh Jail Conditions" [Dkt 21], (4) Motion to

Waive Requirement on Serving Parties" [Dkt 25], and (5) Motion for Habeas Corpus Relief from

State Custody" [dkt 26] are **DENIED**.

Dated: January 28, 2013                     s/Mark A. Goldsmith
       Flint, Michigan                       MARK A. GOLDSMITH
                                        United States District Judge

### CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 28, 2013.

                                   s/Deborah J. Goltz
                                   DEBORAH J. GOLTZ
                                   Case Manager